IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TERESA DUSCH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:10-cv-6136 |
| ) | |
| FARMERS INSURANCE ) | |
| COMPANY, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND DEFENSES OF SEPARATE DEFENDANT FARMERS INSURANCE COMPANY, INC.

Defendant Farmers Insurance Company, Inc. ("Farmers"), by and through counsel, and for its answer and defenses to the plaintiff's petition in this matter, states the following:

1. Paragraph 1 of plaintiff's petition is not a statement of fact to which a responsive pleading is required. If it is determined that a responsive pleading is required, paragraph 1 is denied.

2. Paragraph 2 of plaintiff's petition is not a statement of fact to which a responsive pleading is required. If it is determined that a responsive pleading is required, paragraph 2 is denied.

3. Denied that venue is proper in either Cole County or Buchanan County, where the action was filed.

4. Admit.

5. Admit.

6. Admit.

7. Farmers is without knowledge or information sufficient to admit or deny the allegations in paragraph 7 of plaintiff's petition.

8. Farmers is without knowledge or information sufficient to admit or deny the allegations in paragraph 8 of plaintiff's petition.

9. Farmers is without knowledge or information sufficient to admit or deny the allegations in paragraph 9 of plaintiff's petition.

10. Farmers is without knowledge or information sufficient to admit or deny the allegations in paragraph 10 of plaintiff's petition.

11. Farmers is without knowledge or information sufficient to admit or deny the allegations in paragraph 11 of plaintiff's petition.

12. Farmers is without knowledge or information sufficient to admit or deny the allegations in paragraph 12 of plaintiff's petition.

13. Farmers admits that defendant Myhill was insured by State Farm with applicable limit of liability of $100,000, but denies that Myhill is an "interested party" to this action.

14. Farmers admits that State Farm has tendered and/or paid its $100,000 policy limit to plaintiff, but denies that State Farm is an interested party to this action.

15. Farmers admits that it had issued a policy of auto insurance which was in effect on the date of the alleged accident, but is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 15 of plaintiff's petition.

## COUNT I

16. Farmers incorporates is answers and responses to paragraphs 1-15 of plaintiff's petition in response to paragraph 16.

17. Admit.

18. Admit that Theresa Dusch was a named insured on the policy, but denies that she was **the** named insured as alleged.

19. Admit.

20. Admit that paragraph 20 partially sets forth the provisions of Endorsement MO025 attached to the policy, but denies that it sets forth all of the provisions of that endorsement. The policy and endorsement speak for themselves.

21. Farmers admits that plaintiff has demanded payment of underinsured motorist insurance ("UIM") benefits.

22. Admit, and admit that the policy does not provide coverage for the plaintiff's UIM claim since the vehicle being driven by defendant Myhill was not an "underinsured motor vehicle" as that term is defined by the policy and applicable law.

23. Farmers denies each and every allegation in paragraph 23 of plaintiff's petition.

24. Farmers denies the allegations in paragraph 24 of the plaintiff's petition. Farmers affirmatively states that the case of *Jones v. Mid-Century*, 287 S.W.3d 687 (Mo.banc 2009), which plaintiff is attempting to implicate by her allegations in paragraphs 23 and 24 herein, does not apply to the coverage issues in this action as that case was limited to an analysis of the enforceability of the "offset" provisions in the UIM endorsement in that case and did not determine whether the definition of "underinsured motor vehicle" in the insuring agreement of the UIM endorsement was satisfied in the first instance. Indeed, *Jones,* in Footnote 3, reaffirmed *Rodriguez v. General Accident Ins. Company of America,* 808, S.W.2d 379 (Mo.banc 1991) in which the Missouri Supreme Court upheld a definition of "underinsured motor vehicle" very similar to the definition of that term at issue in this case and found that the other vehicle was not an "underinsured motor vehicle" to begin with. That was not the issue in *Jones,* however it is the issue in this case.

25. Farmers denies each and every allegation of plaintiff's petition which has not been specifically admitted or denied herein.

## DEFENSES

1. Further answering, and for a defense, plaintiff's petition fails to state a claim against this defendant for which relief can be granted in that plaintiff has not alleged that State Farm has "paid" or "exhausted" its liability limit, therefore under Missouri law and under the policy, plaintiff does not have a ripe UIM claim.

2. Plaintiff's petition should be dismissed because this defendant is pretensively joined in that plaintiff have not exhausted the liability policy of the alleged tortfeasor.

3. There is no underinsured motorist coverage under the policy because the other driver, defendant Myhill, was not an underinsured motorist, and the vehicle he was driving was not an underinsured motor vehicle according to the policies and applicable law.

4. Further answering, and for a defense, Plaintiff's claims are diminished or barred by the fault of others, including plaintiff, over which the alleged tortfeasor defendant Myhill had no control, pursuant to the doctrine of comparative fault.

5. Further answering, and for a defense, if plaintiff sustained damage as alleged in her Petition and it is determined that defendant Myhill was in any way at fault, defendant Farmers is entitled to a reduction of and/or a set-off to any judgment against it in the amount of all good faith settlements paid (or to be paid) by any other tortfeasor or party, as provided in Mo. Rev. Stat. § 537.060. That is, any judgment entered against defendants shall be reduced "by the stipulated amount of the [settlement] agreement, or in the amount of consideration paid, whichever is greater." *See* Mo. Rev. Stat. § 537.060. This defendant further reserves the right to

challenge any settlement on the basis that it was not made in good faith, is not reasonable, or is not otherwise enforceable.

6. Further answering, and for a defense, plaintiff's alleged damages are the result of an intervening and superseding cause for which the alleged tortfeasor defendant Taylor is not responsible.

7. Defendant reserves the right to assert additional defenses to plaintiff's petition.

WHEREFORE, having fully answered the Plaintiff's Petition in this matter, Defendant Farmers Insurance Company, Inc. requests that the Plaintiff's Petition be dismissed with prejudice, that all costs be assessed against the Plaintiff in this matter, and for such other relief as the Court deems just.

Respectfully submitted,

*/s/ Christopher J Carpenter*
Christopher J Carpenter    MO #41572
Tracy Hayes    MO #
Sanders Warren & Russell LLP
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Telephone: 913-234-6100
Facsimile: 913-234-6199
ATTORNEYS FOR DEFENDANT FARMERS INSURANCE COMPANY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/EFC system on January 3, 2011, which will send electronic notification of such filing to all parties.

*/s/ Christopher J Carpenter*
Attorney for Defendant Farmers Insurance Company, Inc.