# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN OF MISSOURI

| | |
|---|---|
| **THERESA DUSCH**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 5:10-CV-06136-FJG |
| vs. | ) |
| | ) |
| **FARMERS INSURANCE** | ) |
| **COMPANY, INC., et al.** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

COMES NOW, Plaintiff Theresa Dusch, by and through counsel, states the following in support of her motion to remand:

United States District Courts have original jurisdiction in matters where the amount in controversy exceeds $75,000 and where there is complete diversity, that is "where no defendant holds citizenship in the same state where any plaintiff holds citizenship." 28 USC § 1332(a) (2010); *Junk v. Terminix Int'l Co., Ltd. P'ship.*, 2010 U.S. App. LEXIS 25134 (8th Cir. Dec. 9, 2010). As Plaintiff and Defendant Myhill both reside in the state of Missouri, this cause lacks complete diversity and this court lacks jurisdiction. Accordingly, it should be remanded to Missouri state court.

Defendant Farmer's alleges that Myhill was joined fraudulently in an attempt to defeat diversity jurisdiction. A party seeking to remove a case based on diversity bears the burden of showing a non-diverse party was fraudulently joined. *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (E.D. Mo. 2003). Fraudulent joinder exists when there is "no reasonable basis in law or in fact supporting a claim against the resident defendants. Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." *Id*, at 810. "Joinder is

not fraudulent where there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. . . All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Junk v. Terminix Int'l Co., Ltd. P'ship* (citations removed).

The incident leading to the present lawsuit stems from a vehicular collision involving Plaintiff and Defendant Myhill. See Petition. Plaintiff was a passenger in a vehicle Myhill collided into a while he was under the influence of alcohol. Plaintiff suffered severe injuries due to the collision, including amputation of her arm. Myhill has since been convicted criminally of driving while intoxicated. The facts of this case meet the *Junk* standard; there is a reasonable basis for predicting that state law might impose liability based upon the facts imposed. Furthermore, Plaintiff is filing a motion for permission to amend her petition to add a claim against Myhill for the incident.

Defendant Farmer's cannot show that there exists "no reasonable basis in law or in fact supporting a claim against the resident defendants." As Plaintiff and Defendant Myhill both reside in the state of Missouri, this cause lacks complete diversity and this court lacks jurisdiction. Accordingly, it should be remanded to Missouri State Court.

In addition, the State of Missouri has the greatest interest in litigating this matter. In addition to the residency of the two main parties, the incident took place within Missouri, Missouri law will control, and Myhill was criminally convicted in Missouri

WHEREFORE, Plaintiff Dusch, based on the above and foregoing, moves that this Court remand the action to the Circuit Court of Buchanan County, Missouri.

BROWN & CROUPPEN, P.C.

BY: /s/ Andrea McNairy
Andrea D. McNairy #58558MO
211 N. Broadway
Suite 1600
St. Louis, MO 63102
(314) 421-0216
(314) 421-0359 (Fax)
Attorney for Plaintiffs
andream@getbc.com

## CERTIFICATE OF MAILING

The undersigned certifies that a copy of the foregoing was sent via electronic mail on this 28th day of January, 2011, and addressed to the following:

Christopher J. Carpenter
Tracy M. Hayes
Sanders Warren & Russell, LLP
40 Corporate Woods
9401 Indian Creek Parkway
Suite 1250
Overland Park, KS 66210

Michael E. McCausland
Harris McCausland, P.C.
9233 Ward Parkway
Suite 270
Kansas City, MO 64114

 /s/ Andrea McNairy